IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Action No. 06-cr-00286-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KALIN DELAINE STOVALL,

    Defendant.

## ORDER

**Blackburn, J.**

    This matter is before me on the **Motion To Terminate the Duty To Register** [#69],[1] filed April 8, 2021. The government filed a response [#71], and the defendant filed a reply [#72]. I grant the motion.

    On August 3, 2007, the defendant, Kalin Stovall, was convicted of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *Judgment* [#52]. Mr. Stovall was sentenced to 40 months of imprisonment followed by a term of five years of supervised release. *Id.* As a result of this conviction, Mr. Stovall is subject to the duty to maintain a current registration as a sex offender established by 34 U.S.C. § 20913, part of the Sex Offender Registration and Notification Act (SORNA). In his motion [#69], Mr. Stovall seeks to reduce the duration of his sex offender registration duty under the "clean record" provision of SORNA.

---

[1] "[#69]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  JURISDICTION

The government notes that SORNA does not specify what, if any, court has jurisdiction to reduce the duration of Mr. Stovall's registration requirement.  The government notes also that this criminal case was closed on August 15, 2007, following the entry of judgment.  The government says it is unclear whether the collateral consequences of a conviction, such as the SORNA duty to register, may be litigated in a closed criminal case.  If not, the government contends, then Mr. Stovall must bring a civil action to obtain the SORNA relief he seeks.

The SORNA registration requirement is a consequence of the conviction suffered by Mr. Stovall in this case.  Frequently, federal district courts address in closed criminal cases the collateral consequences of a criminal conviction.  For example, courts often address and amend the terms and duration of supervised release long after a sentence initially was imposed.  The motion of Mr. Stovall is analogous to a motion to alter the terms of supervised release.  Thus, I find and conclude that I have jurisdiction in this criminal case to address and resolve the motion of Mr. Stovall.

## II.  SORNA REGISTRATION REQUIREMENT

There is no dispute that Mr. Stovall is a Tier I sex offender under SORNA.  Tier I sex offenders are required to maintain a SORNA sex offender registration for 15 years.  34 U.S.C. § 20915(a)(1).  Mr. Stovall's SORNA registration period began to run when he was released from custody on November 6, 2009.  34 U.S.C. § 20915(a).  Leaving aside the "clean record" provision which Mr. Stovall invokes, his full registration period ends 15 years after his release from custody.  That date is November 6, 2024.

Under § 20915(b)(1), the "full registration period shall be reduced as described in paragraph (3) for a sex offender who maintains a clean record for the period described"

in the statute.  The requirements for a "clean record" include:

> (A) not being convicted of any offense for which imprisonment for more than 1 year may be imposed;
>
> (B) not being convicted of any sex offense;
>
> (C) successfully completing any periods of supervised release, probation, and parole; and
>
> (D) successfully completing of (sic) an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General.

34 U.S.C. § 20915(b)(1).  When a Tier I sex offender maintains a clean record for 10 years, the duration of the duty to maintain a SORNA sex offender registration must be reduced from 15 years to 10 years.  § 20915(b)(2) - (3).

      A & B.  CRIMINAL HISTORY - Counsel for the government says she reviewed Mr. Stovall's criminal history as of July 23, 2021.  She says Mr. Stovall has not been convicted "of any offense for which imprisonment for more than 1 year may be imposed" since his conviction in this case. 34 U.S.C. § 20915(b)(1)(A). Further, he has not been convicted of any "sex offense." 34 U.S.C. § 20915(b)(1)(B).  Mr. Stovall makes the same assertions.

      C.  SUPERVISED RELEASE - On November 5, 2014, Mr. Stovall successfully completed his sentence of five years of supervised release.  He was discharged from supervision.  *Motion* [#69], Exhibit C [#69-3].

      D.  SEX OFFENDER TREATMENT - Mr. Stovall successfully completed an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General.  *Letter* [#70] (filed under restriction).

      Under § 20915(b)(1), the "full registration period shall be reduced" when a defendant maintains a clean record, as defined in the statute.  This language is jussive.

3

Mr. Stovall has maintained a "clean record," as defined in § 20915(b)(1). His registration period under SORNA must be reduced from 15 years to 10 years. § 20915(b)(1) - (3). Mr. Stovall was released from custody on November 6, 2009. Since then, he has maintained a current registration under SORNA for more than 10 years. Therefore, his duty to register under SORNA must be terminated immediately.

The state of Colorado has sex offender registration requirements which are applicable independent of any SORNA registration requirement. Mr. Stovall does not seek relief from any registration requirement under Colorado law. *Reply* [#72], p. 2. Rather, he seeks relief only from his SORNA registration requirement. *Id.*

### III.  CONCLUSION & ORDERS

In light of the clean record maintained by Mr. Stovall, he is entitled to reduction of the duration of his SORNA registration requirement from 15 years to 10 years. Mr. Stovall has maintained his SORNA registration for more than 10 years. Therefore, his duty to maintain a registration under SORNA is terminated immediately.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Terminate the Duty To Register** [#69] is granted;

2. That the duty of the defendant to maintain a current sex offender registration under SORNA is terminated effective immediately; and

3. That this order does not terminate any sex offender registration requirement which may apply to Mr. Stovall under the law of the State of Colorado or any other state.

Dated November 2, 2021, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

5